Argued and submitted November 12, 1981, affirmed April 26, 1982

STATE OF OREGON,
*Respondent,*
*v.*
TIMOTHY SCOTT ROSENBAUM,
*Appellant.*

(No. 10-80-08341, CA A20607)

643 P2d 1284

Gary D. Babcock, Public Defender, Salem, argued the cause for appellant. With him on the brief was Stephen J. Williams, Deputy Public Defender, Salem.

Richard David Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Roberts, Judge Pro Tempore.

JOSEPH, C. J.

JOSEPH, C. J.

Defendant received two convictions for assault in the second degree for participating in an attack on a man and a woman and their children with baseball bats and a fire poker. The man suffered a compound skull fracture. The woman and four of the children suffered minor injuries. Defendant was sentenced to concurrent 10-year prison sentences, with the provision that he serve five years before becoming eligible for parole. The trial court also ordered him to pay restitution in the amount of $5,269.26, less any sums paid by his two co-defendants. He was denied a jury trial on the determination of the amount of restitution. He appeals that denial.

ORS 137.106 provides:

"(1) When a person is convicted of criminal activities which have resulted in pecuniary damages, in addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim.

"(2) In determining whether to order restitution which is complete, partial or nominal, the court shall take into account:

"(a) The financial resources of the defendant and the burden that payment of restitution will impose, with due regard to the other obligations of the defendant;

"(b) The ability of the defendant to pay restitution on an instalment basis or on other conditions to be fixed by the court; and

"(c) The rehabilitative effect on the defendant of the payment of restitution and the method of payment.

"(3) If the defendant objects to the imposition, amount or distribution of the restitution, the court shall at the time of sentencing allow him to be heard on such issue."

ORS 137.103(4) defines "pecuniary damages" as:

"* * * [A]ll special damages, but not general damages, which a person could recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities and shall include, but not be limited to, the money equivalent of property taken, destroyed, broken or otherwise harmed, and losses such as medical expenses."

Defendant argues that because the determination of the amount of restitution for "pecuniary damages"

resulting from defendant's criminal activity is similar to the determination of damages in a civil trial, he was entitled, by virtue of Article I, section 17 of the Oregon Constitution,[1] to a jury trial at the restitution hearing.

Although an order of restitution is similar to a civil judgment, that does not detract from the penological nature of restitution or imply that a restitution hearing is civil rather than criminal in nature. In discussing the history of Oregon's restitution statutes, the Supreme Court in *State v. Dillon*, 292 Or 172, 637 P2d 602 (1981), said:

"* * * [R]estitution was clearly not intended to be the equivalent of a civil award.

"* * * * *

"The legislative history makes clear that the statute's purposes are penal, not compensatory. Thus, restitution must be understood as an aspect of criminal law, not as a quasi-civil recovery device.

"* * * * *

"The procedural requirements for imposition of a sentence of restitution are those ordinarily associated with sentencing. A sentencing judge may consider anything he ordinarily would at any sentencing hearing, but in addition, ORS 137.106(2) requires a sentencing court to focus on the defendant's circumstances in deciding whether to order restitution, and if so in what amount. The court must consider the defendant's ability to pay, his other obligations, the burden an order of restitution would impose upon him, and the rehabilitative effect of a restitution order. The primary focus, as is true in traditional sentencing, is on the rehabilitative or deterrent effect the sentence will have on the defendant, not the extent to which the victim will be compensated. Thus the procedures by which restitution is required are consistent with the penal nature of restitution." 292 Or at 179-81. (Footnote omitted.)

Because restitution is an aspect of criminal law, the civil right to a jury trial is not implicated.

Defendant's other assignment of error is without merit.

Affirmed.

---

[1] "In all civil cases the right of Trial by Jury shall remain inviolate."