# STATE OF OREGON,
*Respondent,*

*v.*

# GARY DOUGLAS CAUGHEY,
*Appellant.*

## (86-CR-358; CA A43473)

750 P2d 511

Ingrid A. MacFarlane, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Defendant pled guilty to kidnapping in the first degree, a Class A felony. The trial court found that defendant suffers from a severe personality disorder, that, on the basis of past criminal activity, he has a propensity toward criminal conduct and that he is a dangerous offender. The court sentenced him to 30 years imprisonment, with a minimum of 15 years, pursuant to the dangerous offender statute, ORS 161.725, which provides, in part:

> "The maximum term of an indeterminate sentence of imprisonment for a dangerous offender is 30 years, if the court finds that because of the dangerousness of the defendant an extended period of confined correctional treatment or custody is required for the protection of the public and if it further finds, as provided in ORS 161.735, that one or more of the following grounds exist:

> "(1) The defendant is being sentenced for a Class A felony, and the court finds that he is suffering from a severe personality disorder indicating a propensity toward criminal activity."

Defendant does not contend that he does not fall within the statutory requirements for sentence enhancement. He argues, rather, that the imposition of an enhanced sentence punishes the "status" of suffering a severe personality disorder and thereby violates the prohibition against cruel and unusual punishment contained in Article I, section 16, and the Eighth Amendment. In support of his position, he relies on *Robinson v. California,* 370 US 660, 82 S Ct 417, 8 L Ed 2d 758 (1962), in which the United States Supreme Court struck down a statute making drug addiction a criminal offense.

Defendant's reasoning is flawed. ORS 161.725 does not punish a person for having a severe personality disorder. It merely reflects the legislative recognition that a person who has a severe personality disorder that causes him to commit dangerous crimes is less amenable to rehabilitation. The legislature could properly determine that, because he is less likely to be rehabilitated during incarceration so that he can be safely released into society, increased incarceration time is necessary for the protection of the public. *See State v. Huntley,* 302 Or 418, 437, 730 P2d 1234 (1986); *Tuel v. Gladden,* 234

Or 1, 6, 379 P2d 553 (1963). Those are valid considerations, and they are constitutional.[1]

Affirmed.

---

[1] In his brief, defendant argues that the enhanced penalty is unconstitutional, because it punishes him for having an illness. In a supplemental memorandum, defendant argues for the first time that the statute is unconstitutional, because it fails to provide for medical treatment. That argument was not raised in the trial court, and we therefore do not consider it.