Argued and submitted April 28, 1988, affirmed January 11, reconsideration denied February 24, petition for review denied March 21, 1989 (307 Or 571)

# STATE OF OREGON,
*Respondent,*

*v.*

# SCOTT ALAN LOVELACE,
*Appellant.*

## (C86-03-31223; CA A43367)

767 P2d 80

Sally L. Avera, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for second degree assault. He contends that the trial court erred in denying his motion for judgment of acquittal, in imposing dangerous offender sanctions under ORS 161.725 and in imposing a $100,000 compensatory fine under ORS 137.101. We affirm.

Defendant was charged in one indictment with first degree kidnapping, first degree sodomy, attempted rape in the first degree and second degree assault, all arising out of the same incident. He pleaded not guilty and was tried by a jury. At the end of the state's case-in-chief, defendant moved for a judgment of acquittal on all charges. The trial court denied the motion. The jury subsequently convicted him of assault in the second degree. It was unable to reach a verdict on the other three charges, and the trial court ordered a mistrial. At a subsequent trial on those charges, he was acquitted of all of them.

Although defendant refused to participate in court ordered psychiatric examinations, the court found that he was a dangerous offender under ORS 161.725(2) and sentenced him to 30 years imprisonment. It also imposed a $100,000 compensatory fine for the victim's benefit pursuant to ORS 137.101.

■      In his first assignment of error, defendant contends that the trial court should have granted his motion for judgment of acquittal on second degree assault, because the state failed to prove that he caused the victim's injuries or that he acted recklessly under circumstances manifesting extreme indifference to the value of human life. ORS 163.175(1)(c).[1]

The victim testified that she met defendant for the first time in a cocktail lounge. They danced and had several drinks together. When they left the establishment, defendant offered to give her a ride to her car but instead drove to a

---

[1] Defendant was tried under ORS 163.175(1)(c), which provides:

"A person commits the crime of assault in the second degree if the person:

"* * * * *

"(c) Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon under circumstances manifesting extreme indifference to the value of human life."

remote area. There, he forced her to disrobe and to engage in sexual activity. Later, while defendant was driving her back toward her car, she attempted to escape by jumping from the car while it was moving. Defendant grabbed her arm and appeared to speed up the car and she was dragged about 370 feet and sustained substantial injuries. She was able to get to a nearby residence, where she received assistance. Defendant remained in the area for a short time and then drove away. There was evidence from which the jury could find beyond a reasonable doubt that he committed the assault. The court did not err by denying the motion.

In his second assignment, defendant makes four separate contentions regarding the imposition of dangerous offender sanctions. Under ORS 161.725(2), a court may impose dangerous offender sanctions if

> "the court finds that because of the dangerousness of the defendant an extended period of confined correctional treatment or custody is required for the protection of the public and if it further finds, * * * that one or more of the following grounds exist:
>
> "* * * * *
>
> "(2) The defendant is being sentenced for a felony that seriously endangered the life or safety of another, has been previously convicted of a felony not related to the instant crime as a single criminal episode, and the court finds that the defendant is suffering from a severe personality disorder indicating a propensity toward criminal activity."

First, defendant argues that that provision imposes an enhanced sentence based on the "status" of suffering a severe personality disorder, thereby violating prohibitions against cruel and unusual punishment. Or Const, Art I, § 16; US Const, Amend VIII. We recently rejected that argument in *State v. Caughey,* 89 Or App 605, 607, 750 P2d 511, *rev den* 305 Or 672 (1988).

Second, he argues that dangerous offender sanctions cannot be imposed, because he was convicted of a crime based on recklessness. According to defendant, dangerous offender sanctions are only applicable to criminal acts involving intent and knowledge. However, culpability is not a factor in applying the sanctions. Instead,

"[t]he focus of the [dangerous offender] statute is on the circumstances surrounding the commission of the felony, not on its statutory definition. Under the statute, the proper inquiry is whether, intended or not, someone's life or safety was *in fact* endangered." *State v. Allen,* 68 Or App 5, 9, 680 P2d 997, *rev den* 297 Or 547 (1984). (Emphasis in original.)

The trial court properly applied the sanction to reckless conduct. *See also State v. Follett,* 88 Or App 512, 515, 746 P2d 236 (1987), *rev den* 305 Or 273 (1988).

■    For a third ground, defendant contends that he was entitled to have a jury detemine whether his criminal act "seriously endangered the life or safety of another." Although we recently held that a defendant is entitled to a jury determination on that issue, *State v. Mitchell,* 84 Or App 452, 455-58, 734 P2d 379, *rev den* 303 Or 590 (1987), defendant did not raise or preserve the issue in any manner in the trial court. We will not consider it when raised for the first time on appeal. *See State v. Kessler,* 289 Or 359, 371, n 17, 614 P2d 94 (1980).

■    Fourth, defendant contends that there is insufficient evidence to support the court's finding that he is a dangerous offender. In particular, he challenges the court's finding that he is dangerous or suffering from a severe personality disorder. A defendant may be found to be dangerous if he engaged in behavior involving violence against another. *State v. Huntley,* 302 Or 418, 429, 730 P2d 1234 (1986). Defendant contends that he is not "dangerous," because the evidence shows only that his actions in the episode were reckless. However, as already noted, culpability is irrelevant in applying ORS 161.725(2). *See State v. Allen, supra,* 68 Or App at 9.

The finding that defendant suffers from a severe personality disorder was made by the court with the aid of psychiatric reports. *State v. Huntley, supra,* 302 Or at 435. Defendant contends that the reports are inadequate, because he was not examined or interviewed by the doctors. However, he chose not to participate, and he may not now base his contention on that decision. *State v. Brown,* 82 Or App 256, 258, 728 P2d 534 (1986). The presentence report, the evidence in the case and the psychiatric reports provide sufficient evidence to support the trial court's finding that defendant is a dangerous offender.

■ Finally, defendant contends that the trial court erred in imposing a $100,000 compensatory fine under *former* ORS 137.101(1):

> "Whenever the court imposes a fine as penalty for the commission of an *intentional* crime resulting in *serious physical* injury for which the person injured by the act constituting the crime has a remedy by civil action, * * * the court may order that the defendant pay any portion of the fine separately to the clerk of the court as compensatory fines in the case. The clerk shall pay over to the injured victim or victims, as directed in the court's order, moneys paid to the court as compensatory fines under this subsection." (Emphasis supplied.)

This provision was amended effective December 4, 1986, which was after defendant committed the crime but before he was sentenced.[2] The legislature changed the first sentence by deleting the emphasized terms. It now provides:

> "Whenever the court imposes a fine as penalty for the commission of a crime resulting in injury * * *."

Defendant contends that, because the former version of the statute was in existence when he committed the crime, the fine could only be imposed for an intentional crime. Because the offense for which he was convicted was allegedly caused by reckless conduct, he argues that the court either misapplied the former version or applied the current statute in violation of the *ex post facto* restriction of Article I, section 21, of the Oregon Constitution. The current version of the statute, he contends, allows a fine for reckless conduct and, if applied retroactively, would increase the penalty after the crime was committed. We disagree.

ORS 137.101(1) is not the source of the authority to impose a fine. ORS 161.625(1) has authorized fines in the amount of $100,000 for classified felonies since 1981, well before defendant committed the present offense. *Former* ORS 137.101 only provided for a disposition of fines if the court decided to impose one. That statute, as amended, does not change defendant's potential exposure to a fine up to $100,000 and, consequently, does not increase the penalty for the

---

[2] The amendment was part of Ballot Measure 10, adopted at the November 4, 1986, general election and became effective December 4, 1986.

offense. The amended statute authorizes distribution of the fine to a different class of victim than did the former version. However, that change does not violate any constitutional or statutory right of defendant.

Affirmed.