Submitted on record and briefs November 30, 1990, affirmed January 9, 1991

STATE OF OREGON,
*Respondent,*

*v.*

STEPHEN McGINNIS,
*Appellant.*

(88-734-CR; CA A62165)

803 P2d 1225

Sally L. Avera, Public Defender, Salem, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Katherine H. Waldo, Assistant Attorney General, Salem, filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

**ROSSMAN, J.**

Defendant appeals his conviction for third degree rape, ORS 163.355, assigning error to the trial court's imposition of a compensatory fine that was distributed to the victim under ORS 137.101(1), which provides:

"Whenever the court imposes a fine as penalty for the commission of a crime resulting in injury for which the person injured by the act constituting the crime has a remedy by civil action, unless the issue of punitive damages has been previously decided on a civil case arising out of the same act and transaction, the court may order that the defendant pay any portion of the fine separately to the clerk of the court as compensatory fines in the case. The clerk shall pay over to the injured victim or victims, as directed in the court's order, moneys paid to the court as compensatory fines under this subsection. This section shall be liberally construed in favor of victims."

Defendant entered a plea of guilty to a charge that he had raped his adopted daughter. The court imposed a five-year sentence and suspended its execution. Defendant was placed on probation and ordered to pay a compensatory fine of $7,500 at $100 per month. The order directed the Klamath County Clerk to disburse those funds to the victim, pursuant to ORS 137.101(1). Defendant contends that the fine is "civil in nature" and that he was therefore entitled to a jury trial under Article I, section 17, of the Oregon Constitution, which provides, "[i]n all civil cases the right of Trial by Jury shall remain inviolate."

Defendant's claim is without merit. He does not have a constitutional right to a civil jury determination of criminal sanctions. *See State v. Rosenbaum,* 57 Or App 11, 14, 643 P2d 1284 (1982). The word "compensatory" does not, by its mere attachment to the word "fine," transform a criminal fine into a civil recovery. *See, e.g., State v. Hart,* 299 Or 128, 138, 699 P2d 1113 (1985). Under ORS 161.625(1), the judge was authorized to impose a fine of up to $100,000 in this case. *State v. Lovelace,* 94 Or App 586, 591, 767 P2d 80, *rev den* 307 Or 571 (1989). The amount of the fine actually imposed properly

reflected defendant's financial resources.[1] ORS 161.645. The trial judge's designation of the victim as the beneficiary of money paid by defendant does not change the nature of the fine.

Affirmed.

---

[1] The court said:

"You did, in addition to these despicable acts, deprive your adopted daughter of a large portion of her high school years. What should have been a pleasant time and should have been a fun time, and should be a time to be remembered with pleasure, will always be remembered by her as a nightmare, and she is entitled to be compensated for that loss. If you were a person of wealth or affluence, or capable of earning large sums of money, I would fine you the full $100,000 that the law would allow. I recognize that you cannot pay that sum, and I am going to impose a compensatory fine of $7,500, and direct that that be paid at the rate of $100 per month, or more. This in no way is going to right that wrong, but it is some compensation for her for what you did to her."