Argued and submitted January 3, compensatory fine vacated; otherwise affirmed
June 24, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# ROBERT DAVID GRAY,
*Appellant.*

(90-859, 90-1738; CA A68434, A68435)
(Cases Consolidated for Argument and Decision)

833 P2d 341

Theresa M. Kohlhoff, Wilsonville, waived oral argument for appellant.

Michael M. Pacheco, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

Warren, P. J., dissenting.

## EDMONDS, J.

Defendant pled guilty to reckless driving, ORS 811.140, a Class A Misdemeanor, and failure to perform the duty of a driver to injured persons, ORS 811.705, a Class C Felony. The two convictions arose out of a collision between vehicles driven by defendant and the victim.[1] The court imposed a compensatory fine under ORS 137.101[2] as part of the sentence for the failure to perform the duties of a driver conviction. We vacate the fine.

Defendant assigns error to his sentence for reckless driving and to the compensatory fine. His arguments about the reckless driving sentence do not require discussion. He also argues that the court was without authority to impose the compensatory fine, because the victim's injuries did not result from defendant's failure to assist the victim. *See State v. Eastman/Kovach*, 292 Or 184, 637 P2d 609 (1981).

■ The state concedes that the court was without authority to impose the fine, but argues that the sentence is not reviewable, because defendant pled guilty. Reviewability exists under ORS 138.050 and ORS 138.053, because the unauthorized compensatory fine exceeds "the maximum allowable by law." ORS 138.050(1)(a); *see State v. Anderson*, 113 Or App 416, 833 P2d 321 (1992); *State v. Jones*, 113 Or App 425, 833 P2d 320 (1992); *see also* ORS 138.222(4)(a); *State v. Cox*, 113 Or App 528, 530 n 1, 833 P2d 336 (1992).

■ The state argues that the error was not preserved, because defendant made no objection in the trial court. We have authority to review unpreserved legal errors that are

---

[1] The charges were tried together and were consolidated on appeal.

[2] ORS 137.101 provides, in part:

"(1) Whenever the court imposes a fine as penalty for the commission of a crime resulting in injury for which the person injured by the act constituting the crime has a remedy by civil action, unless the issue of punitive damages has been previously decided on a civil case arising out of the same act and transaction, the court may order that the defendant pay any portion of the fine separately to the clerk of the court as compensatory fines in the case. The clerk shall pay over to the injured victim or victims, as directed in the court's order, moneys paid to the court as compensatory fines under this subsection. This section shall be liberally construed in favor of victims.

"(2) Compensatory fines may be awarded in addition to restitution awarded under ORS 137.103 to 137.109."

apparent on the face of the record. ORAP 5.45(2); *Ailes v. Portland Meadows*, 312 Or 376, 823 P2d 956 (1991). Review, however, must be accompanied by "an express conclusion that the error is one of law apparent on the face of the record" and "an express statement of the basis for the discretionary consideration of the claim of error," *Ailes v. Portland Meadows, supra*, 312 Or at 382, which may include a consideration of these factors:

> "[T]he competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in any other way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error." 312 Or at 382 n 6.

As the state concedes, the trial court was without authority to impose a compensatory fine for the violation of ORS 811.705. Moreover, the court could not have imposed a $25,000 compensatory fine under ORS 137.101(1) for a reckless driving conviction. Reckless driving is a misdemeanor. ORS 811.140. ORS 161.635 limits fines for Class A misdemeanors to $2,500. ORS 161.635 is the source of authority for imposition of a compensatory fine under ORS 137.101(1). *State v. Lovelace*, 94 Or App 586, 591, 767 P2d 80, *rev den* 307 Or 571 (1989). Therefore, a fine under ORS 137.101(1) cannot exceed what is authorized by ORS 161.635. An unauthorized $25,000 fine imposed on a single individual is of sufficient gravity to warrant our consideration. We exercise our discretion to review defendant's assignment of error. Inasmuch as the trial court was without any authority to impose the compensatory fine, we vacate it. *See State v. Wills*, 93 Or App 322, 761 P2d 1365 (1988), *rev den* 307 Or 611 (1989).

Compensatory fine vacated; otherwise affirmed.

**WARREN, P. J.,** dissenting.

I do not agree with the majority that this is the type of unpreserved error that we should exercise our discretion to review. Accordingly, I dissent.

Defendant did not object to imposition of a compensatory fine for failure to perform the duties of a driver to injured persons, a Class C felony. On appeal, he concedes that, under ORS 161.625, a fine of up to $100,000 could have been imposed for a Class C felony but argues that the fine should not have been imposed, because the victim's damages arose from reckless driving, not from the failure to assist the injured victim. In the light of the extensive actual damages defendant caused the victim,[1] and the fact that the fine imposed is within the court's authority for a Class C felony, we should not exercise our discretion under ORAP 5.45(2) to review the error.

I dissent.

---

[1] The record indicates that the victim sustained between $65,000 and $100,000 in actual damages.