Argued and submitted June 20, 1991, convictions affirmed; order of restitution vacated; remanded for resentencing June 24, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## HAROLD KENNETH COX,
*Appellant.*

(CC90-1096; CA A65911)

833 P2d 336

Sally L. Avera, Public Defender, Salem, argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor

General, and Janet A. Klapstein, Assistant Attorney General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

■   Defendant appeals his convictions for burglary in the first degree and theft in the first degree. He assigns as error the trial court's order of restitution. He argues that the trial court did not consider his financial resources and ability to pay as required by ORS 137.106. We agree and remand for resentencing.

After a jury convicted defendant, the trial court sentenced him to 18 months in prison with 36 months of post-prison supervision. The trial court also ordered defendant to pay $5,000 in restitution to the victim. The state acknowledges that the trial court did not consider defendant's financial resources or his ability to pay on the record. The state suggests, however, that defendant did not formally object to the order of restitution and so waived his right to appellate review of that order. *State v. Carpenter*, 101 Or App 489, 791 P2d 145, *rev den* 310 Or 393 (1990). We read the record differently and conclude that defendant adequately raised the issue of his financial resources and inability to pay at his sentencing hearing.

■■   At the sentencing, defendant's counsel said to the court: "As to the restitution, Your Honor, the client indicates, you know, he has no ability to pay any restitution * * *." The colloquy then turned to defendant's prison term and post-prison supervision. At the end of the hearing, when the court reiterated the restitution order, defendant said: "Good luck, that's all I can say." The trial court's only response was: "Well, we hope for something." Defendant adequately raised the issue and preserved it for appeal.[1]

Convictions affirmed; order of restitution vacated; remanded for resentencing.

---

[1] We need not determine whether "restitution" is included as part of the sentence under the guidelines, *see* OAR 253-09-003, and is therefore reviewable under ORS 138.222, or whether it is reviewable as part of a disposition that imposes a sentence on conviction. ORS 138.053; ORS 138.050. In either event, we review to determine whether the restitution was imposed consistently with the statutory requirements. *See* ORS 138.222(4)(a); *State v. Anderson*, 113 Or App 416, 833 P2d 321 (1992).