Argued and submitted November 29, 1995, conviction affirmed; remanded for resentencing May 1, 1996

STATE OF OREGON,
*Respondent,*

*v.*

MARIE PACKER,
*Appellant.*

(CR93-058; CA A85937)

916 P2d 322

Ingrid A. MacFarlane, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. On the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, and Kaye E. Sunderland, Assistant Attorney General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Defendant appeals her conviction for aggravated theft in the first degree, a class B felony. ORS 164.057. The only issue is whether the court erred in imposing a compensatory fine after determining that defendant is unable to pay restitution. We hold that it did err and remand for resentencing.

After the jury returned a guilty verdict, the court ordered that defendant be placed on probation for five years. The state requested restitution, and defendant objected on the ground that she has no ability to pay. The court heard evidence that defendant has serious medical problems, is unable to work, has no assets and is supported entirely by public assistance. Thereafter, the court stated that it was "satisfied" that defendant "do[es] not have the financial resources to pay restitution." However, it ordered defendant to pay a compensatory fine, "in the event that you ever do come into some money of some sort[.]" It said:

> "[W]hat I am going to do is impose a compensatory fine of $30,000 under ORS 137.101, sub 1. There the statute speaks in terms of this section being liberally construed in favor of the victim, and *does not take into account the person's ability to pay*, as the restitution statute [ORS 137.106] does." (Emphasis supplied.)

Defendant contends that an assessment of one's ability to pay is required for the imposition of *either* a compensatory fine or restitution.[1] For the following reasons, we agree.

ORS 137.101(1) provides, in part:

> "*Whenever the court imposes a fine* as penalty for the commission of a crime resulting in injury for which the person injured by the act constituting the crime has a remedy by civil action, * * * *the court may order that the defendant pay any portion of the fine separately to the clerk of the court as compensatory fines in the case.* The clerk shall pay over to the injured victim or victims, as directed in the court's order, moneys paid to the court as compensatory fines

---

[1] This being an error apparent on the face of the record, we exercise our discretion to review the unpreserved error.

under this subsection. This section shall be liberally construed in favor of victims." (Emphasis supplied.)

Although the trial court correctly noted that the compensatory fine statute itself makes no mention of a criminal defendant's ability to pay, other statutes do circumscribe, in numerous ways, a court's authority to impose fines. *See* ORS ch 161. Most notably, ORS 161.645 provides:

"*In determining whether to impose a fine* and its amount, the court *shall* consider:

"(1)  The financial resources of the defendant and the burden that payment of a fine will impose, with due regard to the other obligations of the defendant; and

"(2)  The ability of the defendant to pay a fine on an installment basis or on other conditions to be fixed by the court." (Emphasis supplied.)

In sum, a court is required first to consider a defendant's ability to pay a fine. ORS 161.645; *State v. Qualey*, 138 Or App 74, 77, 906 P2d 835 (1995). After that consideration, it may impose a fine as a penalty pursuant to ORS 161.625,[2] and, having imposed a fine, it may *then* order the defendant to pay any portion of that fine to the clerk of the court in the form of a compensatory fine, ORS 137.101. *See State v. Lovelace*, 94 Or App 586, 591, 767 P2d 80, *rev den* 307 Or 571 (1989) (ORS 161.625 is the source of the court's authority to impose a compensatory fine under ORS 137.101); *see also State v. Gray*, 113 Or App 552, 555, 833 P2d 341 (1992); *State v. Barkley*, 108 Or App 756, 761, 817 P2d 1328 (1991), *aff'd in part on other grounds* 315 Or 420, 846 P2d 390, *cert den* ____ US ____ , 114 S Ct 116, 126 L Ed 2d 81 (1993) (court must first impose a fine as a penalty, under ORS 161.625, before it may order a defendant to pay any portion of that fine in the form of a "compensatory fine" under ORS 137.101). Thus, consideration of a defendant's ability to pay is as much a prerequisite to imposing a compensatory fine as it is a prerequisite to ordering restitution.

Conviction affirmed; remanded for resentencing.

---

[2] ORS 161.625(1)(a) provides:

"A sentence to pay a fine for a felony shall be a sentence to pay an amount, fixed by the court, not exceeding: * * * $200,000 for a Class B felony."