# STATE OF OREGON,
## *Appellant,*

*v.*

# ARTHUR EUGENE DRIVER, JR.,
## *Respondent.*

(94-4739-C-2; CA A88609 (Control))

# STATE OF OREGON,
## *Appellant,*

*v.*

# JOHN EUGENE COLLINS,
## *Respondent.*

(95-1225-C-3; CA A88610)

923 P2d 1272

Douglas A. Zier, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Eric R. Johansen, Deputy Public Defender, argued the cause for respondents. With him on the brief was Sally L. Avera, Public Defender.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

The indictments in these consolidated cases charged each defendant with failure to register as a sex offender. Or Laws 1991, ch 389, § 4, *codified in 1995 as* ORS 181.599 (section 4).[1] Defendants argued to the trial court that, because they committed their crimes before the relevant statutes became effective, those statutes do not apply to them. Alternatively, they argued that applying the statutes to them would violate the *ex post facto* clauses of the state and federal constitutions. The trial court accepted the *ex post facto* argument and granted the motions, thus preventing any further prosecution on these charges. The state appeals. We hold that the record is insufficient to determine whether the statute applies to defendants and that, as a result, their *ex post facto* claims are premature. We therefore vacate the dismissals of the indictments and remand for further proceedings.

■     Each indictment charged the defendant with Failure to Register as a Sex Offender and referred to *former* ORS 181.519[2] as authority. One difficulty with the indictments is that *former* ORS 181.519 did not create a crime. Rather, it required certain officials to enter information about a convicted sex offender who was given a sentence of discharge or placed on probation into the Law Enforcement Data System (the LEDS). It appears from the record that both defendants were originally sentenced to terms of incarceration; *former* ORS 181.519, therefore, does not apply to them.[3]

■     The only statute that may apply to defendants is *former* ORS 181.518, which, after the effective date of the 1993 amendment,[4] provided, as pertinent:

---

[1] Because the indictments involve events that occurred before the 1995 amendments to and renumbering of the relevant statutes, we will generally refer to them by their 1993 designations.

[2] *Former* ORS 181.519 was originally enacted in 1989, Or Laws 1989, ch 984, § 3. It was amended in 1991, Or Laws 1991, ch 389, § 3; in 1993, Or Laws 1993, ch 147, § 3; and in 1995, Or Laws 1995, ch 422, § 61. In 1995, Legislative Counsel renumbered it as ORS 181.596.

[3] If *former* ORS 181.519 did apply, our analysis of its effect would be similar to our analysis of the effect of *former* ORS 181.518, except that the duty to enter information into the LEDS arises immediately on sentence of discharge or release on probation, not at a later release from incarceration.

[4] *Former* ORS 181.518 had a similar history to *former* ORS 181.519. It was originally enacted in 1989, Or Laws 1989, ch 984, § 2, and was amended in 1991, Or

"(1)(a) When a person is discharged, paroled or released on any form of supervised or conditional release from a jail, prison or other correctional facility in this state at which the person was confined as a result of a conviction of a sex crime * * * the official in charge of supervising the person shall obtain the address where the person will reside upon release and shall enter into the Law Enforcement Data System the person's name and description, a description of the methodology of the offense, the person's address and the originating code of the parole or probation agency that is located closest to the address of the person.

"(b) The person in charge of supervising a person on active parole or other supervised or conditional release shall enter into the Law Enforcement Data System any change in the address of the parolee or person being supervised.

"(2) Following discharge, release from active parole or other supervised or conditional release, the person shall provide, in writing, the address of the person to the Oregon State Police:

"(a) Within 30 days of a change of residence; and

"(b) Once each year regardless of whether the person changed address."

The purpose of *former* ORS 181.518 was to ensure that the LEDS contains current information about incarcerated sex offenders who are discharged or placed on supervised release.[5] It first required one official to enter information into the LEDS upon the offender's release from incarceration. It then required a different official to keep the address portion of that information current while the offender remained on supervised release. Finally, for offenders who were not originally placed on supervised release, or after supervised release terminated, the statute required the offenders themselves to notify the state police of their addresses so that it could enter any changes into the LEDS. The offender had to

Laws 1991, ch 389, § 2; in 1993, Or Laws 1993, ch 147, § 2; and in 1995, Or Laws 1995, ch 422, § 60. In 1995, Legislative Counsel renumbered it as ORS 181.595.

[5] We will use "supervised release" to include active parole, active probation, post-prison supervision, and other supervised or conditional release to which *former* ORS 181.518 applied.

do so within 30 days of a change of residence, but at least once a year whether or not the offender had changed residences.

As originally adopted in 1989, *former* ORS 181.518 did not require officials to keep address information current. Rather, it required the offender to notify the nearest probation or parole office of changes of address during the first five years after release from incarceration. It did not provide any sanctions for a failure to comply. In 1991, the legislature transferred the responsibility for updating address information to the person in charge of supervising the offender. It then required the offender, after release from supervised release, to notify the state police of all address changes.[6] At the same time, it adopted section 4, which provided:

"(1)　A person who fails to register following a change of address as required by ORS 181.518 and 181.519 commits a:

"(a)　Class C felony, if the crime for which the person is required to register is a felony; or

"(b)　Class A misdemeanor, if the crime for which the person is required to register is a misdemeanor.

"(2)　A person who fails to file the annual report required by ORS 181.518 and 181.519 commits a violation."

If the indictments charge defendants with anything,[7] it is with a violation of section 4(1)(a). According to the record, both defendants were convicted of sexual abuse in the first degree for actions committed before 1989, and both were released from supervised release in 1993. The record does not indicate when they were released from incarceration and placed on supervised release. Although defendants assume otherwise, the clear language of *former* ORS 181.518 made the statute applicable according to the dates of their release from incarceration, not the dates of their crimes.

---

[6] The legislature also established a procedure for an offender to seek to be relieved from the obligation to "register" 10 years after the termination of supervised release. Or Laws 1991, ch 389, § 5, codified in 1995 as ORS 181.600.

[7] The indictments charge defendants with failing to notify the state police of "any address change" but do not charge that defendants in fact changed their address, which is a prerequisite to the duty to notify. Defendants do not raise any issues concerning the wording of the indictments.

■     In all versions of *former* ORS 181.518, the time for initial entry of information into the LEDS was on release from incarceration, and the only offenders who had to report address changes were those for whom officials had to enter information into the LEDS. If the offender was released before the law became effective in 1989, there was no duty under this statute to enter information concerning the offender into the LEDS, and there was, therefore, no corresponding obligation for the offender to update that information after discharge from supervised release. However, if the agency had a duty to enter the relevant information into the LEDS at the time of the offender's release from incarceration, then the statute applied, no matter when the offender committed the underlying crime.[8]

Although the legislature labeled the crime that it created in section 4 as failure to "register" following a change of address, the offender does not make the initial registration. Rather, that registration, which includes considerable information about the crime as well as the offender's address, was the responsibility of the official whom the statute designates.[9] While the offender is on supervised release, it was the supervising official's duty to enter any change of address into the LEDS.[10] The offender did not have a duty under this statute to notify the state police of a change of address until the offender was discharged from supervised release. At that point, no official with access to the LEDS had a duty to keep the address information up-to-date, and the offender had to take over.[11]

---

[8] Because it is clear from the words of the statute to whom it applied, we do not need to consider defendants' arguments based on presumptions about retroactivity; those presumptions are relevant only in the absence of clear legislative direction.

[9] The only exception to this statement is for persons convicted in another state who are not on supervised release and who move to Oregon. Under a 1995 statute, they must register within 30 days after moving into the state; the state police are to provide special forms for the purpose. ORS 181.597 to ORS 181.598. That requirement emphasizes that a person convicted in Oregon does not make the original registration; rather, the designated official does.

[10] Because the requirement to enter new information into the LEDS was limited to changes of address, the requirement only provided for updating information on offenders who were already in the LEDS, not for putting additional offenders into the system.

[11] The apparent reason that the offender was to notify the state police is that that agency is in charge of the LEDS. *See* ORS 181.730.

Because the purpose of reporting changes of address to the state police was to keep the information in the LEDS current, the duty could apply only to those offenders about whom officials had already entered the required information into the LEDS. Thus the only incarcerated offenders who had that duty were those who were first placed on supervised release after the effective date of the original act. Although the state asserts in its brief that each defendant was released from incarceration after 1991, the record is silent on that point. Because we cannot determine from the record whether defendants were placed on supervised release after the statute became effective in 1989, we cannot determine whether it applies to them. Until that issue is resolved on remand, their *ex post facto* claims are premature. We therefore vacate the judgment and remand for further proceedings.

Vacated and remanded.