Submitted February 22, affirmed April 4, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAMIAN DANIEL DEBUISER,
*Defendant-Appellant.*

Multnomah County Circuit Court
091051926; A145479

275 P3d 199

Peter Gartlan, Chief Defender, and Jedediah Peterson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, filed the brief for respondent.

Before Brewer, Presiding Judge, and Gillette, Senior Judge.

BREWER, P. J.

## BREWER, P. J.

Defendant appeals convictions for third-degree theft, ORS 164.043, and harassment, ORS 166.065. Defendant raises two assignments of error, the first of which we reject without discussion. In his second assignment of error, defendant argues that the trial court improperly imposed a compensatory fine under ORS 137.101,[1] because there was no evidence in the record demonstrating that the victim suffered a pecuniary loss. Defendant acknowledges that he failed to preserve this assignment of error, but he asks us to review the claimed error as plain error and exercise our discretion to correct it. Because the record supports the inference that defendant chose to not object to the fine, we conclude that the trial court did not "plainly err." *State v. Gornick*, 340 Or 160, 170, 130 P3d 780 (2006). Accordingly, we affirm.

Defendant entered a grocery store, placed two burritos in his pockets, and left without paying for them. Two store loss-prevention employees, one of whom is the victim in this case, confronted defendant in the store's parking lot and, when defendant refused to surrender the burritos and return to the store, the victim attempted to restrain him. A fracas ensued, and defendant attempted to place the victim in a hold that he had seen on a televised "ultimate fighting" competition. Defendant's tactic failed, and he was subdued by the employees. For that conduct, defendant was convicted of third-degree theft and harassment.

At the sentencing hearing, the court asked the parties whether "the security guard needed any medical attention." The prosecutor told the court that the victim had "no out of pocket. Everything was covered under Worker's Comp.

---

[1] ORS 137.101 provides, in pertinent part:

"(1) Whenever the court imposes a fine as penalty for the commission of a crime resulting in injury for which the person injured by the act constituting the crime has a remedy by civil action, unless the issue of punitive damages has been previously decided on a civil case arising out of the same act and transaction, the court may order that the defendant pay any portion of the fine separately to the clerk of the court as compensatory fines in the case. The clerk shall pay over to the injured victim or victims, as directed in the court's order, moneys paid to the court as compensatory fines under this subsection. This section shall be liberally construed in favor of victims."

So we do not need to deal with that issue. The victim has been made whole." The prosecutor adduced no evidence that the victim suffered a pecuniary loss. The sentencing court nevertheless imposed a compensatory fine under ORS 137.101, explaining that

> "ORS Chapter 137.101 is a compensatory damages statute[.] * * * We don't have to have an actual number or anything. So I'm going to give you a compensatory fine of $200[.]"

Defendant did not object to the imposition of the compensatory fine.

As noted, defendant acknowledges that he failed to preserve his argument that the trial court erred in imposing the compensatory fine in the absence of any evidence establishing that the victim suffered a pecuniary loss. Determining whether a trial court committed plain error involves a two-step analysis. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). The first step incorporates the following three requirements:

> "(1) [the claimed error] is an error of law, (2) the [claimed] error is obvious, not reasonably in dispute, and (3) it appears on the face of the record, *i.e.*, the reviewing court * * * need [not] go outside the record to identify the error or choose between competing inferences, and the facts constituting the error are irrefutable."

*State v. Reyes-Camarena*, 330 Or 431, 435, 7 P3d 522 (2000) (internal quotation marks omitted). Whether a trial court erred in imposing a compensatory fine is a question of law. *State v. Gray*, 113 Or App 552, 554, 833 P2d 341 (1992). That a compensatory fine must be supported by evidence in the record of the victim's pecuniary loss is not reasonably in dispute. *See, e.g.*, *State v. Edson*, 329 Or 127, 132, 985 P2d 1253 (1999); *see also State v. Neese*, 229 Or App 182, 210 P3d 933 (2009), *rev den*, 347 Or 718 (2010) (reversing as plain error the imposition of a compensatory fine in the absence of supporting evidence). Thus, the dispositive question in this case is whether error "appears on the face of the record." Defendant asserts that it does. The state, on the other hand, argues that no error is apparent, because this court would need to go

"outside the record" and "choose between competing inferences," one of which is that defendant chose not to object to the imposition of the compensatory fine for tactical reasons. *Gornick*, 340 Or at 166. We agree with the state.

In *Gornick,* the defendant pleaded guilty to an assault charge by filling out a plea form which stated that he was giving up his jury trial right and that the trial court could impose a sentence that it deemed proper, up to a certain maximum term of incarceration. *Id.* at 168. At sentencing, the defendant did not object when the trial court found certain aggravating facts and imposed a departure sentence based upon those facts. *Id.* at 169. The Supreme Court explained that, under those circumstances, the "defendant could have chosen to have the trial court, rather than a jury, find the aggravating facts." *Id.* at 169. That inference—that the defendant had chosen to have the findings made by a judge rather than a jury—was merely one of several competing inferences that could be drawn from the trial court's finding of the aggravating facts. *Id.* at 169-70. Another possible inference was that the trial court erred by finding the aggravating facts in violation of the Sixth Amendment. *Id.* at 169. Because the record did not clearly show that the trial court had erred, the Supreme Court concluded that the claimed error did not qualify as plain error. *Id.* at 170.

In the wake of *Gornick*, we have explained that the inferences to be drawn from the record must be "plausible." *State v. Lovern*, 234 Or App at 502, 512, 228 P3d 688 (2010). Here, the inference that the state asks that we draw from the record is plausible. The state points out that defendant was being sentenced for a Class B misdemeanor, punishable by a fine of up to $2,500 under ORS 161.635(1)(b),[2] and that defendant had informed the court during the sentencing colloquy

___

[2] ORS 161.635 provides, in pertinent part:

"(1)  A sentence to pay a fine for a misdemeanor shall be a sentence to pay an amount, fixed by the court, not exceeding:

"* * * * *

"(b)  $2,500 for a Class B misdemeanor."

Defendant does not argue that the trial court lacked authority to impose a fine of up to $2,500 under ORS 161.635(1)(b), only that the trial court erred by imposing a *compensatory* fine under ORS 137.101. ORS 161.635 is the source of a trial court's authority to impose a compensatory fine under ORS 137.101 upon a defendant's

that he faced $3,000 in fines in an unrelated case. The state reasons that, particularly in light of the substantial fine that defendant already faced in the other case, defendant could have chosen not to object to the $200 compensatory fine to avoid the imposition of the same or similar fine authorized by ORS 161.635(1)(b). That inference is plausible. *Cf. Lovern*, 234 Or App at 511 (inference that defendant chose not to object to expert's testimony of a diagnosis of child-sexual abuse in order to "use that evidence to [his] own advantage during cross-examination" was not plausible). Accordingly, the trial court did not plainly err.

Affirmed.

---

conviction for a misdemeanor. *See State v. Lovelace*, 94 Or App 586, 591, 767 P2d 80, *rev den*, 307 Or 571 (1989) (ORS 161.625 is the source of the court's authority to impose a compensatory fine under ORS 137.101 upon defendant's conviction for a felony); *see also State v. Gray*, 113 Or App 552, 555, 833 P2d 341 (1992); *State v. Barkley*, 108 Or App 756, 761, 817 P2d 1328 (1991), *aff'd in part on other grounds*, 315 Or 420, 846 P2d 390, *cert den*, 510 US 837 (1993) (court must first impose a fine as a penalty, under ORS 161.625, before it may order a defendant to pay any portion of that fine in the form of a "compensatory fine" under ORS 137.101). Under ORS 161.635, the trial court must consider the defendant's financial resources and ability to pay. ORS 161.645; *see also State v. Qualey*, 138 Or App 74, 77, 906 P2d 835 (1995) (trial court must consider defendant's ability to pay when imposing compensatory fine). But, unlike ORS 137.101, ORS 161.645 does not require the trial court to determine the amount of a victim's pecuniary loss.