Submitted March 31, affirmed June 10, petition for review denied August 27, 2020 (366 Or 827)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MALLORY ANNA SECK,
*Defendant-Appellant.*

Marion County Circuit Court
17CR51308; A168550

468 P3d 531

Donald D. Abar, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. Mallory Anna Seck filed the supplemental and reply briefs *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

In this appeal, defendant argues that the trial court erred in imposing a $200 fine under ORS 137.286(2) ("the minimum fine for a felony is $200") without considering her financial ability to pay it.[1] Relying in part on *State v. Wheeler*, 268 Or App 729, 344 P3d 57 (2015), defendant contends that "ORS 137.286, in combination with ORS 161.645," requires the trial court to consider a defendant's ability to pay before imposing a minimum fine. ORS 137.286(3) (providing that a court "may waive" the minimum fine "if the court finds that requiring payment of the minimum fine would be inconsistent with justice," and that a court "shall consider" a defendant's ability to pay in making "its determination"); ORS 161.645 (providing that "[i]n determining whether to impose a fine and its amount" a trial court must consider ability to pay). For the following reasons, we affirm.

To begin, we agree with the state that defendant failed to preserve the argument that she raises on appeal. *See State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000) ("Generally, an issue not preserved in the trial court will not be considered on appeal."). Although defendant objected to the imposition of the fine, she failed to argue to the court that ORS 161.645 required it to consider defendant's ability to pay before imposing a minimum felony fine under ORS 137.286. *See id.* at 343 ("[A] party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately[.]").

Defendant argued that the issue was preserved, though we have concluded that it was not, and she did not ask for plain-error review. The state, for its part, concedes that the trial court plainly erred, while asserting that we should not exercise our discretion to correct it. Even assuming we would undertake plain-error review without an

---

[1] We reject without written discussion the arguments raised in defendant's *pro se* supplemental briefing and defendant's challenge to the fine under Article I, section 16, of the Oregon Constitution, and the Eighth Amendment to the United States Constitution.

explicit request from defendant, we are not inclined to agree with the state that the error qualifies as plain.

The state's concession is based on ORS 161.645 and prior cases interpreting that statute. However, the cases in which we have held that a court must consider a defendant's ability to pay under ORS 161.645 involve the imposition of fines *other* than the $200 mandatory minimum fine imposed under ORS 137.286. *See Wheeler*, 268 Or App at 732 (involving fine imposed under ORS 161.645); *State v. Beltran*, 127 Or App 238, 241, 872 P2d 983 (1994) (imposition of $10,000 fine). Further, *State v. Manoff*, 295 Or App 566, 567, 435 P3d 803 (2019), does not hold otherwise. Although *Manoff* implicitly suggests that ORS 161.645 applies to minimum fines imposed under ORS 137.286, it did not analyze that issue or conclude so. *Manoff* merely relied on *Wheeler* to summarily reject the defendant's plain-error argument. Lastly, it is not plain from the text of the statutes that ORS 161.645 applies to fines imposed under ORS 137.286. Therefore, we do not accept the state's concession and affirm.

Affirmed.