Submitted February 28; case No. 17CR54556 reversed, case No. 18CR04778 affirmed October 14, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROGER WILLIAM SHIPLEY II,
aka Kevin William Morgan,
aka Roger Shiple,
aka Roger William Shipley,
aka Roger William Shipley, Jr.,
*Defendant-Appellant.*

Umatilla County Circuit Court
17CR54556, 18CR04778;
A168244 (Control), A168239

476 P3d 971

Daniel J. Hill, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah Laidlaw, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Case No. 17CR54556 reversed. Case No. 18CR04778 affirmed.

## PER CURIAM

This is a consolidated criminal appeal. In Case No. 17CR54556, defendant was convicted of misdemeanor failure to report as a sex offender, ORS 163A.040(3)(a). The court discharged defendant's sentence but ordered defendant to pay a $100 misdemeanor fine, ORS 137.286(1). On appeal, defendant challenges the trial court's denial of his motion for judgment of acquittal, which argued that he could not be convicted of a failure-to-report offense because the relevant sex registration and reporting obligations did not apply to him. In defendant's view, the triggering event of registration—release from custody—occurred before the relevant registration statutes were enacted. The state concedes that, under our reasoning in *State v. Driver/Collins*, 143 Or App 17, 22, 923 P2d 1272, *rev den*, 324 Or 395 (1996), and *State v. Clum*, 216 Or App 1, 9, 171 P3d 980 (2007), defendant was not subject to any sex offender reporting requirements and the trial court erred in concluding otherwise. We agree with the state, accept the concession, and reverse defendant's failure-to-report conviction.[1]

In Case No. 18CR04778, defendant, on a guilty plea, was convicted of first-degree failure to appear and ordered to pay a $200 felony fine. Defendant asks that we review the imposition of the fine as plain error, ORAP 5.45(1), arguing that the statute that requires a $200 felony fine, ORS 137.286 (a court "may waive" the minimum fine "if the court finds that requiring payment of the minimum fine would be inconsistent with justice," and that a court "shall consider" a defendant's ability to pay in making "its determination" whether to waive the fee), requires an ability-to-pay determination and that the trial court failed to do that. Further, defendant argues that our case law concerning another statute, ORS 161.645 (in "determining whether to impose a fine and its amount" a trial court must consider ability to pay), supports his argument that the trial court lacked authority to impose the felony fine without considering a defendant's ability to pay. *See State v. Packer*, 140 Or App 488, 491, 916

---

[1] In an additional assignment of error, defendant challenges the imposition of the $100 misdemeanor fine, but our reversal of the conviction obviates the need to address that assignment.

P2d 322 (1996) (under ORS 161.645, "a court is required first to consider a defendant's ability to pay a fine").

Recently, in *State v. Seck*, 304 Or App 641, 642-43, 468 P3d 641, *rev den*, 366 Or 827 (2020), we held that it was not plain error for the trial court to impose a minimum felony fine under ORS 137.286(2) without considering the defendant's financial ability to pay it. In *Seck*, we pointed out that ORS 161.645 and prior cases interpreting that statute concern fines other than the $200 mandatory minimum fine imposed under ORS 137.286, and we concluded that "it is not plain from the text of the statutes that ORS 161.645 applies to fines imposed under ORS 137.286." *Id*. at 643. We likewise hold in this case that it was not plain error for the trial court to order defendant to pay the $200 felony fine.

Case No. 17CR54556 reversed. Case No. 18CR04778 affirmed.