No. 387　　　　June 5, 2024　　　　125

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AARON ANTHONY SHOOK,
aka Aaron A. Shook,
*Defendant-Appellant.*

Coos County Circuit Court
22CR37074; A180407

Andrew E. Combs, Judge.

Submitted April 24, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kali Montague, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

In this criminal appeal, defendant pleaded guilty and was convicted of a felony and a misdemeanor. The trial court imposed the mandatory minimum fines of $200 and $100, respectively, under ORS 137.286. Defendant did not ask the court to waive the minimum fines or otherwise object to their imposition. On appeal, he argues that the court plainly erred by imposing those fines without giving "due regard" to his other financial obligations as required by ORS 161.645. He points to the lack of information in the record regarding his other financial obligations and argues that the court could not consider information that it did not have. He urges us to overrule *State v. Wheeler*, 268 Or App 729, 733, 344 P3d 57 (2015), in which we concluded that a similar challenge was not susceptible to plain-error review, and look to the reasoning of the concurrence in *State v. Shepherd*, 302 Or App 118, 122, 459 P3d 957, *rev den*, 366 Or 552 (2020) (Aoyagi, J., concurring) ("Put simply, a court cannot consider information that it does not have.").

The state responds that ORS 161.645 is inapplicable where a court imposes the minimum fines under ORS 137.286. In the state's view, ORS 137.286 does not require consideration of a defendant's financial resources and obligations in imposing the mandatory minimum fines. Rather, those factors are relevant only if the court wants to exercise its discretionary authority to waive a minimum fine. *See* ORS 137.286(3). The state thus argues that ORS 161.645 does not apply to the imposition of mandatory fines under ORS 137.286 or, at a minimum, that the legal point is not "obvious" so as to make the alleged error plain. *See State v. Seck*, 304 Or App 641, 643, 468 P3d 531, *rev den*, 366 Or 827 (2020) (concluding that "it is not plain from the text of the statutes that ORS 161.645 applies to fines imposed under ORS 137.286"); *State v. Shipley*, 307 Or App 263, 265, 476 P3d 971 (2020) (same).

We agree with the state that any error is not plain, particularly in light of *Seck* and *Shipley*, which defendant does not address. The trial court did not plainly err by imposing the minimum fines for defendant's convictions

under ORS 137.286 without receiving information about defendant's other financial obligations.

Affirmed.