112 February 11, 2026 No. 92

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NICHOLAS PAUL REED,
*Defendant-Appellant.*

Washington County Circuit Court
24CR30740; A185725

Hafez Daraee, Judge.

Submitted September 30, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin Carveth, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.

**HELLMAN, J.**

Defendant appeals a criminal judgment, which required him to pay $400 in court-appointed attorney fees and $600 in criminal fines. In his first assignment of error, he argues that the trial court erred when it imposed the attorney fees without determining that he would be able to pay them. In his second assignment of error, he argues that the trial court erred when it imposed the fines without considering whether defendant had the ability to pay them. For the following reasons, we reverse the trial court's award of attorney fees and affirm the award of fines.

*Attorney Fees:* The state concedes that the trial court erred when it imposed the $400 in attorney fees without making an affirmative finding that defendant "is or may be able to pay" those fees, as required by ORS 151.505(3). We agree and accept the state's concession. The trial court did not make that finding and the record does not contain evidence that would support it. *See State v. Pendergrapht*, 251 Or App 630, 634, 284 P3d 573 (2012) ("[A] court cannot impose attorney fees based on a record that is silent regarding the defendant's ability to pay those fees."). Thus, the trial court erred when it imposed $400 in attorney fees.

*Fines:* Defendant did not preserve the argument that he raises on appeal regarding the court's need to consider his ability to pay before it imposed minimum fines under ORS 137.286. When asked, we review unpreserved arguments for plain error. *State v. Deanda*, 331 Or App 217, 222, 545 P3d 1256, *adh'd to as modified on recons*, 331 Or App 720, 552 P3d 139, *rev den*, 372 Or 720 (2024). Despite defendant's failure to ask for plain-error review, we readily conclude it was not plain error for a trial court to impose a minimum fine without considering a defendant's ability to pay. *See State v. Shipley*, 307 Or App 263, 265, 476 P3d 971 (2020); *State v. Seck*, 304 Or App 641, 642-43, 468 P3d 531, *rev den*, 366 Or 827 (2020).

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.