No. 298        April 8, 2026        469

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JON JOSEPH SALMONS,
*Defendant-Appellant.*

Linn County Circuit Court
23CR25758; A184928

Thomas McHill, Judge.

Submitted November 25, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals a criminal judgment, which required him to pay $400 in minimum fines. In two assignments of error, he argues that the trial court plainly erred when it imposed a $200 fine for each of two felony convictions without considering his ability to pay. For the following reasons, we affirm.

Defendant argues that ORS 161.645 required the trial court to consider his ability to pay before imposing the fines totaling $400. Although a trial court must consider a defendant's ability to pay before imposing *some* fines under ORS 161.645, the imposition of minimum fines under ORS 137.286 without considering a defendant's ability to pay does not constitute plain error. *See State v. Shipley*, 307 Or App 263, 265, 476 P3d 971 (2020); *State v. Seck*, 304 Or App 641, 642-43, 468 P3d 531, *rev den*, 366 Or 827 (2020). And based on the record, it is not obvious that the challenged fines fall within the ambit of ORS 161.645. *See State v. Corkill*, 262 Or App 543, 551, 325 P3d 796, *rev den*, 355 Or 751 (2014) (requiring, on plain-error review, that the error is "obvious, not reasonably in dispute" and "appears on the face of the record"). That is, given the references to the imposed fines as "minimum fines" throughout the record and the $200 amount charged for each felony, we cannot say that the fines were not imposed under ORS 137.286. *See* ORS 137.286(2) (setting the minimum fine for a felony at $200). Therefore, the trial court did not plainly err in imposing the $400 in fines without considering defendant's financial ability to pay.

Affirmed.