Submitted December 18, 2014, portion of judgment requiring defendant to pay court-appointed attorney fees and indigent contribution reversed; otherwise affirmed February 4, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JEFFREY WAYNE WHEELER,
*Defendant-Appellant.*

Jackson County Circuit Court
114206FE; A153578

344 P3d 57

Peter Gartlan, Chief Defender, and Mary M. Reese, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jamie K. Contreras, Assistant Attorney-in-Charge, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Defendant was convicted, pursuant to a plea agreement, of murder, first-degree abuse of a corpse, first-degree arson, and first-degree criminal mistreatment. On appeal, defendant contends that the trial court erred in (1) imposing a fine of $24,327; (2) requiring payment of $18,000 in court-appointed attorney fees; and (3) ordering payment of an "indigent contribution" of $18,000. Defendant acknowledges that he did not preserve those assignments of error for appeal; nonetheless, he argues that we should exercise our discretion to review each of them as error apparent on the record or "plain error." *See* ORAP 5.45(1) (authorizing appellate court to consider unpreserved error of law apparent on the record); *State v. Brown,* 310 Or 347, 355, 800 P2d 259 (1990) (describing requirements for plain-error review under ORAP 5.45(1)).

The state concedes that, under the circumstances, the trial court plainly erred in requiring defendant to pay court-appointed attorney fees and an indigent contribution amount; the state also agrees that it is appropriate for us to correct those errors. We agree and accept the state's concessions. A court may not order payment of court-appointed attorney fees and other defense costs unless the defendant "is or may be able to pay them." *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."). Here, the record contains no evidence that defendant has the financial resources to enable him to pay the fees, which are substantial. Moreover, defendant was sentenced to life in prison with a mandatory minimum incarceration term of 25 years, making it speculative whether he will ever be able to pay the fees in the future. In short, the evidence in the record is insufficient to support a nonspeculative finding that defendant has, or may in the future have, the financial resources to enable him to pay the court-appointed fees or indigent amount as statutorily required to impose those

fees.[1] Accordingly, the trial court plainly erred in ordering payment of those amounts. *See, e.g., State v. Below*, 264 Or App 384, 387-89, 332 P3d 329 (2014) (trial court plainly erred in imposing $18,000 in court-appointed attorney fees and an $18,000 indigent contribution in similar circumstances). Moreover, for the reasons described in *Below, id.* at 390, we agree that it is appropriate for us to exercise our discretion to correct those errors.

However, we also agree with the state that defendant's first assignment of error—*viz.*, that the trial court erred in imposing a fine under ORS 161.645—is *not* susceptible to plain-error review. The court's authority to impose a fine as part of the sentence for conviction of a felony derives from ORS 161.625, which provides that "[a] sentence to pay a fine for a felony shall be a sentence to pay an amount, fixed by the court, not exceeding [specified limits for each class of felony]." ORS 161.645 then cautions that,

"[i]n determining whether to impose a fine and its amount, the court shall *consider*:

"(1)   The financial resources of the defendant and the burden that payment of a fine will impose, with due regard to the other obligations of the defendant[.]"

(Emphasis added.) Thus, ORS 161.645—unlike ORS 151.505(3) and ORS 161.665(4), governing the recoupment of attorney fees and defense costs—does not condition the court's authority to impose a fine as part of a defendant's sentence on whether the defendant "is or may be able to pay" it. Rather, the statute requires only that the court *consider* the defendant's financial resources in deciding whether to include a fine (and its amount) in the defendant's sentence. *Cf. State v. Qualey*, 138 Or App 74, 77, 906 P2d 835 (1995) ("In assessing a compensatory fine, a court need not expressly find that a defendant is able to pay; it need only *consider* defendant's ability to pay. ORS 161.645." (Emphasis in original.)). Here, the record does not establish that the

---

[1] As in *State v. Below*, 264 Or App 384, 386 n 2, 332 P3d 329 (2014), the basis for the court's imposition of a separate $18,000 indigent contribution is unclear. However, as we noted in *Below*, the court may, under ORS 151.505 and ORS 161.665, order a defendant to repay, in addition to attorney fees, other defense expenses. *Id.*

court failed to do that. Thus, the legal error, if any, is not apparent on the record. *Brown*, 310 Or at 355 (to qualify for plain error review, error must be "apparent," in that "the legal point is obvious, not reasonably in dispute," and it must appear on the record such that "[w]e need not go outside the record or choose between competing inferences to find it, and the facts that comprise the error are irrefutable").

Portion of judgment requiring defendant to pay court-appointed attorney fees and indigent contribution reversed; otherwise affirmed.