Submitted September 29, 2014, portion of the judgment requiring defendant to pay attorney fees reversed, otherwise affirmed October 28, 2015, petition for review denied February 4, 2016 (358 Or 551)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIAM EDWARD SMITH, JR.,
*Defendant-Appellant.*

Lincoln County Circuit Court
122165; A152558

363 P3d 514

Peter Gartlan, Chief Defender, Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Matthew J. Lysne, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

EGAN, J.

**EGAN, J.**

Defendant appeals his judgment of conviction for two counts of unlawful use of a weapon (Counts 1 and 2), ORS 166.220(1)(a),[1] and the trial court's imposition of a fine and attorney fees. Defendant argues that the trial court wrongly interpreted the meaning of the word "use" in ORS 166.220(1)(a), contending that a person does not unlawfully "use" a weapon by merely threatening to use it against another person.[2] Citing our decision in *State v. Ziska*, 253 Or App 82, 88-89, 288 P3d 1012 (2012), *aff'd*, 355 Or 799, 334 P3d 964 (2014), the state responds that "'use' in ORS 166.220(1)(a) describes both the actual use of physical force and the threat of immediate use of physical force." In light of *State v. Ziska/ Garza*, 355 Or 799, 334 P3d 964 (2014), which the Oregon Supreme Court decided while this appeal was pending, we agree with the state. Defendant also assigns error related to the trial court's imposition of a fine and attorney fees on Count 2 because the record does not demonstrate his ability to pay those fees. Although defendant's argument about the fine and attorney fees are unpreserved, we conclude that the trial court plainly erred by imposing attorney fees without evidence of his ability to pay and exercise our discretion to correct that error. Accordingly, we reverse the portion of the judgment requiring defendant to pay the attorney fees and otherwise affirm.

In reviewing the denial of a motion for judgment of acquittal, we view the evidence in the light most favorable to the state to determine whether any rational factfinder could have found all the elements of the crime beyond a reasonable doubt. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431

---

[1] ORS 166.220(1)(a) provides, in relevant part:

"A person commits the crime of unlawful use of a weapon if the person:

"(a) Attempts to use unlawfully against another, or carries or possesses with intent to use unlawfully against another, any dangerous or deadly weapon as defined in ORS 161.015[.]"

[2] Defendant's first four assignments of error turn on whether the trial court properly interpreted the meaning of the word "use" in ORS 166.220(1)(a). Specifically, defendant contends that the court erred as follows: (1) denying his motion for judgment of acquittal on Counts 1 and 2; (2) refusing to give a requested jury instruction; (3) failing to instruct the jury that proof of intent to physically injure another with a dangerous weapon is required; and (4) entering a judgment convicting him of two counts of unlawful use of a weapon.

(1994), *cert den*, 514 US 1005 (1995). In consideration of that standard, the facts material to our review are as follows.

Defendant became upset with his wife and son when he discovered they went out to lunch without him. Defendant demanded the "food stamps card" from his wife and said that he wanted to wreck the only car that they owned. Defendant attempted to leave the apartment, but his son was concerned that defendant would hurt himself and wreck the car, so he stood in front of the doorway and did not move. Defendant charged at his son; however, he was unable to get around him. Defendant went into his bedroom and retrieved a gun. He held a loaded .22-caliber revolver in his hand, cocked it, and pointed it upwards and back and forth at his wife and son. His hands were shaking and his finger was inside the trigger guard, though not on the trigger. When his wife handed him the "food stamps card," defendant uncocked the revolver, and threw it on the floor as he left the apartment.

At the time of the incident, defendant was unemployed. He also suffered from a number of medical conditions, including neuropathy in his feet, which affected his ability to stand for long periods of time without pain; synkinetic movement, which affected his balance; and degenerative arthritis.

Defendant was charged with unlawful use of a weapon (Counts 1 and 2), menacing constituting domestic violence (Counts 3 and 4), pointing a firearm at another (Counts 5 and 6), and recklessly endangering another person (Counts 7 and 8).

Before trial, defendant filed a proposed special jury instruction on the unlawful use of a weapon charge under ORS 166.122, stating that "'[u]se of a deadly weapon' means to utilize the weapon in such a way that it could readily cause death or serious physical injury. Threatening to use a deadly weapon is not use of that weapon."

After the state rested its case, defendant made a motion for judgment of acquittal (MJOA) on the two counts of unlawful use of a weapon, arguing that the evidence that the state presented only showed that defendant threatened

to use the weapon, "[that] he held it in his hand and waved it around. And that is not actual use." The trial court denied his MJOA. After the close of the evidence, the trial court declined to give defendant's proposed special jury instruction and instructed the jury that "'use or threatened use' refers to discharge or threatened discharge of a firearm."

Ultimately, defendant was convicted of unlawful use of a weapon (Counts 1 and 2), among other crimes not at issue on appeal. Defendant was sentenced to imprisonment for five years and two years post-prison supervision. As part of the sentence on Count 2, the trial court ordered defendant to pay a $1,500 fine and $470 in attorney fees. Defendant did not object to the imposition of the fine and attorney fees.

We begin with defendant's assignments of error related to his convictions for unlawful use of a weapon. Because our decision turns on the trial court's interpretation of a statute—ORS 166.220(1)(a)—we review for legal error. *State v. Olive*, 259 Or App 104, 107, 312 P3d 588 (2013) (citing *State v. Wilson*, 240 Or App 475, 486, 248 P3d 10 (2011)).

Defendant contends that the trial court erred in denying his MJOA, failing to give the jury defendant's special jury instruction, and entering a verdict on two counts of unlawful use of a weapon under ORS 166.220(1)(a). Defendant argues that, under ORS 166.220(1)(a), he did not unlawfully "use" a weapon because he merely intended to threaten to use the weapon against the victims, and did not intend to harm the victims with the revolver. The state responds that *Ziska* resolves the issue, and we agree.

In *Ziska/Garza*, consolidated for purposes of opinion and decided after the appellate briefs in this case were filed, the Supreme Court rejected the defendant's contention "that using a weapon merely to threaten another person does not constitute 'use' of a weapon within the meaning of ORS 166.220(1)(a)." 355 Or at 803. In *Ziska/Garza*, the Supreme Court concluded that "use" as used in ORS 166.220(1)(a) "refers both to employment of a weapon to inflict harm or injury and employment of a weapon to threaten immediate harm or injury." *Id.* at 811. In *Ziska*, the defendant intended to threaten a victim when he waved a crowbar over his head;

however, he did not carry the crowbar with the intent to use it against the victim. *Id.* at 801-02. In *Garza*, the defendant flashed a folding knife open and held it out at his housemate in a threatening manner. *Id.* at 802. The Supreme Court held that "the evidence is undisputed that each defendant displayed a dangerous or deadly weapon against another person in a manner that threatened the other person with imminent serious physical injury." *Id.* at 811.

Similarly, here, defendant held a loaded .22-caliber revolver in his hand, cocked it, and threatened his wife and son, by pointing the revolver upwards and back and forth at them. Accordingly, we reject defendant's arguments that the trial court erred in denying his MJOA, failing to give his proposed jury instruction, and entering convictions for two counts of unlawful use of a weapon related to the trial court's interpretation of ORS 166.220(1)(a). *See State v. Branch*, 208 Or App 286, 288, 144 P3d 1010 (2006) (the trial court's refusal to give the requested instruction constitutes reversible error if (1) the instruction correctly states the law and (2) there is "evidence in the record viewed in the light most favorable to the establishment of the facts necessary to require the instruction").

Next, we turn to defendant's assignments of error regarding the imposition of the fine and attorney fees. Defendant contends that the trial court erred when it ordered defendant to pay a $1,500 fine and $470 in attorney fees on Count 2. Defendant concedes that he did not object to the imposition of the fine and attorney fees; thus, the issue is unpreserved. However, defendant requests that we review the issue as plain error. ORAP 5.45(1). Specifically, defendant argues that trial court plainly erred because it is not authorized to impose a fine if there is no evidence that the defendant is able to pay under ORS 161.645,[3] nor is it

---

[3] ORS 161.645 provides:

"In determining whether to impose a fine and its amount, the court shall consider:

"(1) The financial resources of the defendant and the burden that payment of a fine will impose, with due regard to the other obligations of the defendant; and

"(2) The ability of the defendant to pay a fine on an installment basis or on other conditions to be fixed by the court."

authorized to impose attorney fees in the absence of evidence of defendant's ability to pay under ORS 151.505.[4]

The state responds that the trial court did not commit plain error when it ordered defendant to pay the fine and attorney fees, and even if we conclude that the trial court plainly erred, we should not exercise our discretion to correct the error.

There are three requirements for plain error review: "(1) the error must be an error of law; (2) it must be 'apparent,' in that the 'legal point is obvious, not reasonably in dispute'; and (3) it must appear on the record such that '[w]e need not go outside the record or choose between competing inferences to find it, and the facts that comprise the error are irrefutable.'" *State v. Coverstone*, 260 Or App 714, 715, 320 P3d 670 (2014) (citing *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990)).

We conclude that the trial court's imposition of a compensatory fine under ORS 161.645, is not susceptible to plain-error review. *State v. Wheeler*, 268 Or App 729, 732, 344 P3d 57 (2015). In *Wheeler*, we distinguished the statute governing compensatory fines from the statute governing attorney fees, concluding that:

> "ORS 161.645—unlike ORS 151.505(3) * * * governing the recoupment of attorney fees * * *—does not condition the court's authority to impose a fine as part of a defendant's sentence on whether the defendant 'is or may be able to pay' it. Rather, the statute requires only that the court *consider* the defendant's financial resources in deciding whether to include a fine (and its amount) in the defendant's sentence."

268 Or App at 732 (emphasis in original).

Here, the record contains no evidence that defendant has the financial resources to enable him to pay the fine. However, the record does not establish that the court failed to *consider* defendant's ability to pay. As a result, the legal error, if any, is not apparent on the record. *Brown*, 310 Or at 355 (to qualify for plain error review, error must be

---

[4] ORS 151.505(3) provides:

"The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."

"apparent," in that "the legal point is obvious, not reasonably in dispute," and it must appear on the record such that "[w]e need not go outside the record or choose between competing inferences to find it, and the facts that comprise the error are irrefutable"). Thus, the trial court did not plainly err in imposing the fine.

Contrary to ORS 161.645, under ORS 151.505(3), the state bears the burden of proving that defendant "is or may be able to pay" attorney fees, and we have held that it is plain error for the trial court not to comply with the requirement that it find that a defendant has the ability to pay attorney fees before it imposes them. *Coverstone*, 260 Or App at 715 (citing *State v. Pendergrapht*, 251 Or App 630, 634, 284 P3d 573 (2012)).

Here, the record shows that the state did not meet its burden of demonstrating that defendant was able to pay the attorney fees. The record is silent as to defendant's ability to pay the attorney fees ordered by the court. During the trial, unrelated to defendant's ability to pay, defendant established that at the time of the incident he was unemployed and suffered from a number of medical conditions. The record also shows that at the time of the incident, defendant was receiving food assistance from the state. Even with that information, it is apparent from the record that the state failed to present evidence of defendant's ability to pay, therefore, the trial court erred when it concluded that defendant was able to pay the attorney fees.

In light of that conclusion, we must determine whether it is appropriate for us to exercise our discretion to correct the error. *Coverstone*, 260 Or App at 716-17. In making that determination, we consider, among other things, "the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way." *Id.* (citing *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 382 n 6, 823 P2d 956 (1991)).

For the reasons that follow, we exercise our discretion to correct the error in this case. Here, the error is grave because $470 in attorney fees is a substantial amount given

that defendant was apparently unable to work and he was sentenced to five years' imprisonment, which prevents earning any substantial income. *See, e.g., State v. Hunt,* 271 Or App 347, 353, 350 P3d 521 (2015) (concluding that the trial court plainly erred and decided to correct the error because, among other reasons, the $510 in attorney fees imposed were a substantial sum given that the defendant was sentenced to 14 months in prison, and there was no indication on the record that the defendant had or would have the capacity to pay). *But see State v. Baco,* 262 Or App 169, 171, 324 P3d 491, *rev den,* 355 Or 751 (2014) (concluding that the trial court's "error is not grave because $510 is not a substantial amount given that defendant's probationary sentence does not prevent him from working and that defendant agreed to the state's recommendation of attorney fees in the same amount for another charge sentenced at the same time"). Thus, under the circumstances presented in this case, we conclude that the gravity of the error weighs in favor of correcting the error.

In sum, the trial court did not err in convicting defendant of unlawful use of a weapon under ORS 166.220(1)(a) or in failing to give defendant's proposed instruction, because "use," as used in that statute includes the threat of immediate use of physical force. *Ziska/Garza,* 355 Or at 811. Nor did the trial court err in imposing a compensatory fine on Count 2 because the trial court's imposition of a compensatory fine is not susceptible to plain error review. Nevertheless, the trial court plainly erred in imposing the attorney fees because there is no evidence of defendant's ability to pay.

Portion of the judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.