## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JOE VONNTAE LAMARIO SANDERS,
*Defendant-Appellant.*

Washington County Circuit Court
C141239CR; A160098

399 P3d 487

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Marc D. Brown, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and DeHoog, Judge, and Haselton, Senior Judge.

## PER CURIAM

Defendant appeals a judgment convicting him of one count of menacing, ORS 163.190, two counts of felon in possession of a firearm, ORS 166.270, and one count of unlawful use of a weapon, ORS 166.220, and sentencing him to 56 months' imprisonment. On appeal, defendant raises two assignments of error. We reject without discussion defendant's first assignment of error, in which he challenges the trial court's imposition of consecutive sentences. We write only to address defendant's second assignment of error, in which he challenges the trial court's imposition of $624 in court-appointed attorney fees in the "absence of sufficient evidence or a finding of [his] ability to pay." *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."); *State v. Pendergrapht,* 251 Or App 630, 633, 284 P3d 573 (2012) (a court lacks authority to require a defendant to pay attorney fees unless it has determined that the defendant is or may be able to pay them); *see also State v. Kanuch,* 231 Or App 20, 24, 217 P3d 1082 (2009) (the state "bears the burden of persuasion and the obligation to make a record" regarding a defendant's ability to pay attorney fees). Although the asserted error is unpreserved, defendant urges us to review and correct it as plain error. *See* ORAP 5.45(1); *Ailes v. Portland Meadows, Inc.,* 312 Or 376, 382, 382 n 6, 823 P2d 956 (1991).

We agree with defendant that, on the record here, the court committed plain error in imposing attorney fees in the absence of evidence that defendant "is or may be able" to pay them. *See State v. Coverstone,* 260 Or App 714, 716, 320 P3d 670 (2014) (the burden is on the state to prove that a defendant is or may be able to pay costs, and it is plain error to impose such costs in the absence of evidence of ability to pay); *see also State v. Brown,* 272 Or App 321, 355 P3d 129 (2015) (concluding that the trial court committed plain error under similar circumstances).

Furthermore, for the reasons articulated in *Coverstone,* we conclude that it is appropriate to exercise our discretion to correct the plain error under the circumstances

of this case. 260 Or App at 716-17. In particular, in light of the amount of the fees, the length of the sentence, and the lack of any evidence regarding defendant's financial status at the time of sentencing, we conclude that the gravity of the error weighs in favor of correcting the error. *See id.*; *see also State v. Hunt*, 271 Or App 347, 350 P3d 521 (2015) (exercising discretion to correct plain error for those reasons under similar circumstances). Accordingly, we reverse the portion of the judgment requiring defendant to pay $624 in attorney fees.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.