PER CURIAM
*278 *455 Defendant was convicted of two counts of delivery of heroin, and one count each of manufacture of heroin, possession of heroin, possession of methamphetamine, and frequenting a place where controlled substances are used. The court sentenced him to a total of 44 months' imprisonment and imposed $2,600 in fines and fees, including $1,100 in court-appointed attorney fees. On appeal, defendant challenges the trial court's imposition of the court-appointed attorney fees. He argues, and the state concedes, that the court plainly erred in imposing attorney fees because the record was silent as to whether he "is or may be able to pay" the cost of his defense. See ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) (same).
We agree that the trial court plainly erred. See State v. Coverstone , 260 Or.App. 714, 716, 320 P.3d 670 (2014) (a trial court commits plain error by imposing court-appointed attorney fees where the record is silent as to the defendant's ability to pay the fees).[1] Furthermore, we conclude that, given the amount of the fees, the length of the sentence, and the lack of any evidence regarding defendant's financial circumstances at the time of sentencing, it is appropriate for us to exercise our discretion to correct the error. See State v. Sanders , 285 Or.App. 878, 879-80, 399 P.3d 487, rev. den. , 361 Or. 803, 401 P.3d 1187 (2017).
Portion of judgment requiring defendant to pay court-appointed attorney fees reversed; otherwise affirmed.

We reject defendant's remaining assignment of error-challenging the trial court's denial of his motion for judgment of acquittal on Count 1 as to the commercial drug enhancement fact that defendant possessed more than three grams of heroin-without published discussion.