PER CURIAM
*32 Defendant appeals his judgment of conviction for several sex offenses, challenging the trial court's denial of his motion to suppress statements he made to the police after invoking his Miranda rights, and the trial court's imposition of court-appointed attorney fees in the amount of $1,144. We reject without written discussion defendant's assignment or error that the court erred by not suppressing his post-invocation statements and write only to address the imposition of court-appointed attorney fees.
Defendant asserts that the court plainly erred by imposing attorney fees because *168 the record was silent as to whether he "is or may be able to pay" the costs of his defense. See ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) (containing a similar provision); see also ORAP 5.45(1) (authorizing review of "plain error"); State v. Coverstone , 260 Or. App. 714, 716, 320 P.3d 670 (2014) (holding that a trial court commits plain error by imposing court-appointed attorney fees where the record is silent as to the defendant's ability to pay the fees ordered).
The state asserts that any error was not plain because the record contained evidence that defendant "is able to work," citing two instances in the transcript where witnesses mentioned that at the time of the investigation into defendant's criminal activities, defendant had been working at a construction site. That evidence is insufficient to support a finding that defendant was or might be able to pay the court-appointed attorney fees. Mere evidence that a defendant worked in the past, without more, is insufficient to support such a finding. See State v. Mejia-Espinoza , 267 Or. App. 682, 684, 341 P.3d 180 (2014), rev. den. , 357 Or. 164, 351 P.3d 52 (2015) ("Although the record contains some evidence that defendant worked in the past, as a field worker and as a firefighter, there is no evidence as to (1) defendant's historical earnings from such work and (2) whether, given the nature of defendants' criminal convictions and the length of his incarceration, such employment *** will be plausibly available to defendant following his release."); see also *33 State v.Belen , 277 Or. App. 47, 57-58, 369 P.3d 438 (2016) (plain error to impose court-appointed attorney fees where the only evidence in the record was that the defendant had worked in the past).
Further, given the amount of the attorney fees imposed and defendant's sentence of 100 months' imprisonment, we exercise our discretion to correct the error for the reasons stated in State v. Ramirez-Hernandez , 264 Or. App. 346, 349, 332 P.3d 338 (2014) (exercising discretion to correct erroneous imposition of $400 in court-appointed attorney fees because the amount was "substantial" in light of the defendant's circumstances).
Portion of judgment imposing court-appointed attorney fees reversed; otherwise affirmed.