PER CURIAM
*111 Defendant appeals a judgment of conviction for unlawful use of a weapon, ORS 166.220, and menacing, ORS 163.190. On appeal, he challenges the trial court's imposition of court-appointed attorney fees in the amount of $642.
Defendant asserts that the trial court plainly erred in imposing attorney fees in the *253 absence of evidence that he "is or may be able to pay" them. See ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."); see also ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * *, provided that the appellate court may, in its discretion, consider a plain error."); State v. Coverstone , 260 Or. App. 714, 716, 320 P.3d 670 (2014) (a trial court commits plain error when it imposes count-appointed attorney fees in the absence of evidence of the defendant's ability to pay those fees). The only evidence in this case relating to defendant's potential ability to pay fees was that the trial court asked defendant if he was "working before all this" and defendant responded affirmatively. The state concedes that, under those circumstances, it was plain error for the trial court to impose attorney fees. We agree and accept the state's concession. See State v. Orozoco-Navarro , 292 Or. App. 31, 32, 423 P.3d 167 (2018) (concluding that the trial court plainly erred in imposing attorney fees in similar circumstances); State v. Belen , 277 Or. App. 47, 57-58, 369 P.3d 438 (2016) (plain error to impose court-appointed attorney fees where the only evidence in the record was that the defendant had worked in the past); State v. Mejia-Espinoza , 267 Or. App. 682, 684, 341 P.3d 180 (2014), rev. den. , 357 Or. 164, 351 P.3d 52 (2015) ("Although the record contains some evidence that defendant worked in the past, as a field worker and as a firefighter, there is no evidence as to (1) defendant's historical earnings from such work and (2) whether, given the nature of defendant's criminal convictions and the length of his incarceration, such employment * * * will be plausibly available to defendant following his release."). *112 Furthermore, for the reasons articulated in Coverstone , 260 Or. App. at 716-17, 320 P.3d 670, we conclude that it is appropriate to exercise our discretion to correct the trial court's plain error. In particular, in light of all of the circumstances, the gravity of the error weighs in favor of correcting it. See id. ; see also State v. Sanders , 285 Or. App. 878, 879-80, 399 P.3d 487, rev. den. , 361 Or. 803, 401 P.3d 1187 (2017) (exercising discretion to correct plain error in imposing court-appointed attorney fees). Accordingly, we reverse the portion of the judgment requiring defendant to pay $642 in attorney fees.
Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.