PER CURIAM
*567 Defendant challenges the imposition of three $200 felony fines imposed as part of his sentence for his property crime convictions. Defendant points to ORS 161.645, which requires a court to consider, when imposing such fines, the financial resources of the defendant and the burden the payment of the fine will impose on the defendant.[1] According to defendant, the trial court did not take into account those considerations when it announced at sentencing that it would impose the three $200 fines. Defendant acknowledges that he did not object to the imposition of the fines when the court announced them but argues that the record lacks any evidence that he has the ability to pay the fines and that we should reverse the fines on a plain-error basis. We reject his argument.
The trial court's imposition of a fine subject to ORS 161.645"is not susceptible to plain-error review." State v. Smith , 274 Or. App. 562, 568, 363 P.3d 514 (2015), rev. den. , 358 Or. 551, 368 P.3d 26 (2016) (citing State v. Wheeler , 268 Or. App. 729, 732, 344 P.3d 57 (2015) ). That is because, unlike ORS 151.505(3) and ORS 161.665(4), which govern the recoupment of attorney fees and defense costs, ORS 161.645"does not condition the court's authority to impose a fine as part of a defendant's sentence on whether the defendant 'is or may be able to pay' it." Wheeler , 268 Or. App. at 732, 344 P.3d 57. "Rather, the statute requires only that the court consider the defendant's financial resources in deciding whether to include a fine (and its amount) in the defendant's sentence." Id . (emphasis in original). Here, like in Smith and Wheeler , the record does not establish that the court failed to do that, and, therefore, the legal error, if any, is not apparent on the record. Id . (citing State v. Brown , 310 Or. 347, 355, 800 P.2d 259 (1990) ) (describing requirements for plain-error review under *805 ORAP 5.45(1) ). The court did not plainly err when it imposed the fines.
Affirmed.

ORS 137.286(2) provides that, unless otherwise specified by law, the minimum fine for a felony is $200 (which can be waived if "inconsistent with justice," ORS 137.286(3) ). However, ORS 161.645(1), provides that, "[i]n determining whether to impose a fine and its amount, the court shall consider *** [t]he financial resources of the defendant and the burden that payment of a fine will impose, with due regard to the other obligations of the defendant[.]"