Submitted November 26, 2019, affirmed January 29, petition for review denied June 4, 2020 (366 Or 552)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICKEY ALLEN SHEPHERD,
*Defendant-Appellant.*

Josephine County Circuit Court
15CR19170; A167327

459 P3d 957

Thomas M. Hull, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant. Mickey Allen Shepherd filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the briefs for respondent.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Sercombe, Senior Judge.

PER CURIAM

Affirmed.

Aoyagi, J., concurring.

**PER CURIAM**

Defendant was convicted of driving under the influence of intoxicants (DUII), ORS 813.010, a Class A misdemeanor, and ordered to pay a $1,255 DUII fine as part of his sentence. *See* ORS 813.010(6) (providing for a minimum fine of $1,000 for a person's first conviction of DUII); ORS 161.635(1)(a) (generally providing for a maximum fine of $6,250 for a Class A misdemeanor); ORS 813.010(7) (increasing the maximum fine for a DUII conviction to $10,000 in certain circumstances).[1] On appeal, defendant challenges the imposition of the fine.[2] He argues that, under ORS 161.645, the trial court was required to consider his financial resources and the burden that payment of the fine would impose on him, before imposing the fine, and that the court plainly erred by failing to do so. We affirm.

Defendant's argument hinges on ORS 161.645, a general provision of the criminal code. That statute provides that, "[i]n determining whether to impose a fine and its amount, the court *shall consider* \* \* \* [t]he financial resources of the defendant and the burden that payment of a fine will impose, with due regard to the other obligations of the defendant," as well as "[t]he ability of the defendant to pay a fine on an installment basis or on other conditions to be fixed by the court." ORS 161.645 (emphasis added).

Defendant acknowledges that he did not preserve the claim of error but argues that we may nonetheless reverse because the trial court committed "plain error" in imposing the fine without considering the factors identified in ORS 161.645. *See* ORAP 5.45(1) (limiting review to claims of error that were preserved in the lower court, except that "the appellate court may, in its discretion, consider a plain error").

---

[1] Based on its oral statements at sentencing, it appears that the trial court may have intended to impose a $1,000 fine under ORS 813.010(6) and a $255 fee under ORS 813.020(1)(a). *See* ORS 813.020(1)(a) (providing, by cross reference to ORS 813.030, for a $255 fee when a person is convicted of DUII). However, the judgment imposes a $1,255 "Fine - DUII." We rely on the judgment in describing the fine.

[2] Defendant's opening brief contains a single assignment of error, challenging the fine. Defendant also filed a supplemental *pro se* brief, containing additional arguments, which we reject without written discussion.

An alleged error is susceptible to plain-error review only if it is an error of law; is "obvious, not reasonably in dispute"; and appears on the record. *State v. Corkill*, 262 Or App 543, 551, 325 P3d 796, *rev den*, 355 Or 751 (2014). In this case, even assuming that ORS 161.645 applies, defendant's argument for plain-error review is foreclosed by *State v. Wheeler*, 268 Or App 729, 732-33, 344 P3d 57 (2015); *State v. Smith*, 274 Or App 562, 568, 363 P3d 514 (2015), *rev den*, 358 Or 551 (2016); and *State v. Manoff*, 295 Or App 566, 567, 435 P3d 803 (2019). In each of those cases, the defendant was ordered to pay a fine and, on appeal, argued that it was plain error to impose the fine when the record contained no evidence about his financial resources. *Manoff*, 295 Or App at 567; *Smith*, 274 Or App at 567-68; *Wheeler*, 268 Or App at 731-32. And, in each of those cases, we rejected the defendant's argument, concluding that the alleged error was not susceptible to plain-error review because any error was not apparent on the record. *Manoff*, 295 Or App at 567; *Smith*, 274 Or App at 568; *Wheeler*, 268 Or App at 732-33. Accordingly, we affirm.

Affirmed.

**AOYAGI, J.,** concurring.

I agree with the majority that *Wheeler*, *Smith*, and *Manoff* foreclose any possibility of plain-error review in this case. Because defendant has not asked us to overrule those precedents, or distinguished them, the majority's disposition is necessarily correct. *See Farmers Ins. Co. v. Mowry*, 350 Or 686, 698, 261 P3d 1 (2011) ("[W]e begin with the assumption that issues considered in our prior cases are correctly decided, and the party seeking to change a precedent must assume responsibility for affirmatively persuading us that we should abandon that precedent." (Internal quotation marks omitted.)); *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to on recons*, 187 Or App 472, 68 P3d 259 (2003) (stating that it is not our "proper function to make or develop a party's argument"). I write separately, however, to acknowledge what I believe to be a logical flaw in that precedent.[1]

---

[1] It is worth reiterating that, in this case, the trial court imposed a fine greater than the mandatory minimum DUII fine. *See* 302 Or App at 119 & n 1.

In *State v. Wheeler*, the defendant was convicted of multiple crimes, ordered to pay $36,000 in court-appointed attorney fees and an "indigent contribution," and ordered to pay a $24,327 fine. 268 Or App 729, 731, 344 P3d 57 (2015). On plain-error review, we reversed the order as to the attorney fees and indigent contribution, because the applicable statutes required a predicate finding that the defendant "'is or may be able to pay,'" and "the record contain[ed] no evidence that defendant ha[d] the financial resources to enable him to pay the fees." *Id*. (quoting ORS 151.505(3) and ORS 161.665(4)). However, we affirmed as to the fine, stating that that issue was "*not* susceptible to plain-error review," because ORS 161.645 only required the court to "consider" defendant's ability to pay, and "the record does not establish that the court failed to do that." *Id*. at 732-33 (emphasis in original).

Later the same year, we relied on *Wheeler* to reach the same result in *State v. Smith*, 274 Or App 562, 363 P3d 514 (2015), *rev den*, 358 Or 551 (2016). In *Smith*, the defendant was convicted of unlawful use of a weapon and ordered to pay a $1,500 fine. *Id.* at 566. Citing *Wheeler*, we rejected the defendant's plain-error challenge to the fine on appeal, concluding that the issue "[w]as not susceptible to plain-error review," because, although the record "contain[ed] no evidence that defendant ha[d] the financial resources to enable him to pay the fine," it also "d[id] not establish that the court failed to *consider* defendant's ability to pay." *Id.* at 568 (emphasis in original).

Most recently, in *State v. Manoff*, 295 Or App 566, 435 P3d 803 (2019), the defendant was convicted of property crimes, ordered to pay $600 in fines, and on appeal raised a plain-error challenge to the fines, because "the record lack[ed] any evidence that he ha[d] the ability to pay the fines." *Id.* at 567. Relying on *Wheeler* and *Smith*, we again

There is tenable argument that ORS 161.645 does not apply when a trial court imposes the *mandatory minimum DUII fine* under ORS 813.010, given differences between ORS 137.286 (regarding mandatory minimum fines generally) and ORS 813.010 (regarding mandatory minimum DUII fines). Thus, if the trial court had imposed the mandatory minimum DUII fine on defendant, there would be an additional reason that any error was not plain. Because it imposed a greater fine, however, it is appropriate to assume that ORS 161.645 applies and focus on the state's argument under *Wheeler* and its progeny.

noted that ORS 161.645 only requires the trial court to "consider" a defendant's financial resources, and we concluded that the record "d[id] not establish that the court failed to do that," so any legal error was "not apparent on the record." *Id*.

In his briefing on appeal, defendant does not offer any basis to distinguish *Wheeler*, *Smith*, or *Manoff*, nor does he ask us to overrule that line of cases. We will overrule existing precedent only if it is "plainly wrong"—"a rigorous standard grounded in presumptive fidelity to *stare decisis*," *State v. Civil*, 283 Or App 395, 406, 388 P3d 1185 (2017)— and typically only when requested. *Farmers Ins. Co.*, 350 Or at 698. For both of those reasons, I agree with the majority that we should affirm in this case.

At the same time, defendant's arguments call attention to an apparent logical flaw in *Wheeler* and its progeny that I believe warrants acknowledgement. Specifically, I agree with defendant that, if the record establishes that, at the time of sentencing, the trial court had *no information* regarding a defendant's financial resources and the burden that payment of a fine would impose—as defendant contends was the case here—the alleged error in imposing a fine *is* apparent on the record. *See State v. Corkill*, 262 Or App 543, 551, 325 P3d 796, *rev den*, 355 Or 751 (2014) (one of the requirements for plain-error review is that the error "appears on the face of the record"). Put simply, a court cannot consider information that it does not have. Thus, I disagree with our existing precedent to the extent that it holds that, when a trial court has no information relevant to the factors in ORS 161.645, it is not apparent from the record whether the court nonetheless considered those factors before imposing the fine. *See Manoff*, 295 Or App at 567; *Smith*, 274 Or App at 568; *Wheeler*, 268 Or App at 732-33. In my view, if the court did not have the information, it is apparent that it did not consider it.

Of course, it is a separate question whether imposing a fine in the absence of the information identified in ORS 161.645—when defendant has not provided that information—is a legal error that is "obvious, not reasonably in dispute." *Corkill*, 262 Or App at 551. And, if so, it is another separate question whether we should exercise our

discretion to correct the error in any given case. There is good reason to approach plain-error review cautiously. *State v. Burris*, 301 Or App 430, 434, 456 P3d 684 (2019). But we will never reach those questions or have the opportunity to exercise our discretion if, every time a criminal defendant makes a plain-error challenge to the imposition of a fine on a record silent as to his or her financial circumstances, we summarily reject the defendant's argument on the basis that the alleged error does not "appear on the record."

Fines are imposed in a vast number of criminal cases and, even if small, can be very burdensome to indigent defendants. That is not to say that fines should not be imposed or to question the broad discretion that trial courts have under ORS 161.645. But it is to say that ORS 161.645, when applicable, requires trial courts to *consider* a defendant's financial circumstances, and the court cannot do that unless it has the information to do so. Given that our current case law essentially creates a complete bar to plain-error review of the type of error alleged in this case, I respectfully write separately to draw attention to the issue. As to the disposition, however, I concur.