Submitted February 28; portion of judgments requiring defendant to pay attorney fees reversed, otherwise affirmed March 18, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRYAN MICHAEL WHITE,
*Defendant-Appellant.*

Washington County Circuit Court
18CR53348, 18CR54305;
A169094 (Control), A169095

459 P3d 965

Theodore E. Sims, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Portion of judgments requiring defendant to pay attorney fees reversed; otherwise affirmed.

**PER CURIAM**

Defendant pleaded guilty in the first of these consolidated cases to unauthorized departure, ORS 162.175, and was sentenced to a jail term and ordered to pay $400 in attorney fees and a $100 fine. He pleaded guilty in the second case to possession of methamphetamine, ORS 475.894, and was sentenced to a jail term and ordered to pay $650 in attorney fees and a $200 fine. On appeal, he argues that the trial court erred in imposing the attorney fees and fines in both cases, because the trial court failed to consider his ability to pay those fines, and nothing in the record indicates that he has the ability to pay. The state acknowledges that nothing in the record would support a conclusion that defendant has the ability to pay but concedes the error only as to the attorney fees. *See generally State v. Coverstone*, 260 Or App 714, 715-16, 320 P3d 670 (2014) (where the record is silent as to a defendant's ability to pay, it was plain error to impose attorney fees). The state also is correct that our case law precludes treating the imposition of the fines in this circumstance as plain error. *See State v. Shepherd*, 302 Or App 118, 459 P3d 957 (2020). For the reasons stated in *State v. Harris*, 293 Or App 110, 111, 426 P3d 252 (2018), we exercise our discretion to correct the erroneous attorney fees

Portion of judgments requiring defendant to pay attorney fees reversed; otherwise affirmed.