Submitted February 23; portion of judgment requiring defendant to pay attorney fees and indigent contribution reversed, otherwise affirmed April 7, 2021

### STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

### MARK ANTHONY GONZALES,
*Defendant-Appellant.*

Yamhill County Circuit Court
18CR36507; A171812

484 P3d 1125

Ladd J. Wiles, Judge.

Frances J. Gray filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Portion of judgment requiring defendant to pay attorney fees and indigent contribution reversed; otherwise affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction for one count of hindering prosecution, ORS 162.325, that was entered after a guilty plea. On appeal, defendant raises two assignments of error. We reject his first assignment without discussion and write only to address his second, in which he contends that the trial court plainly erred by imposing "appointed counsel and indigent contribution" fees when, in his view, the record was insufficient to establish that he had the ability to pay. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); *see also* ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them.").

The state concedes that the record is insufficient to establish that defendant had the ability to pay those fees and that the trial court erred when it concluded that defendant had the ability to pay based on his ability to earn money upon his release. The state further concedes that the error is plain and that we should exercise our discretion to correct it. We agree with and accept the state's concession. We conclude that the gravity of the error weighs in favor of correcting it and that it is appropriate to exercise our discretion to do so. *See State v. Harris*, 293 Or App 110, 111-12, 426 P3d 252 (2018) (exercising discretion to correct plain error imposition of attorney fees absent evidence that defendant "is or may be able to pay" them (quoting ORS 151.505(3) and ORS 161.665(4))); *State v. Wheeler*, 268 Or App 729, 731-32, 344 P3d 57 (2015) (exercising discretion to correct plain error imposing court-appointed attorney fees and "indigent contribution").

Portion of judgment requiring defendant to pay attorney fees and indigent contribution reversed; otherwise affirmed.