***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted March 8; portion of judgment imposing court-appointed attorney fees
reversed, otherwise affirmed April 5, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SLAUGHTER MOTIN OBET,
*Defendant-Appellant.*

Washington County Circuit Court
21CN03272; A176738

Kelly D. Lemarr, Judge.

Ernest G. Lannet, Chief Defender, and Bruce A. Myers, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Portion of judgment imposing court-appointed attorney fees reversed; otherwise affirmed.

**TOOKEY, P. J.**

Defendant appeals a judgment finding him in contempt of court and ordering him to pay $400 in court-appointed attorney fees. He raises two assignments of error. In the first, he argues that the trial court erred in finding him in contempt, because the evidence in the record is legally insufficient to show that he understood and willfully violated a no-contact order. In the second, he argues that the court plainly erred in imposing the attorney fees, because it did so without determining defendant's ability to pay.

We reject defendant's first assignment of error. Viewing the evidence in the light most favorable to the state, *State v. Simmons*, 314 Or App 507, 511, 499 P3d 127 (2021), we conclude that a rational factfinder could have found that "a valid court order exists, that the defendant knew of the order, and that the defendant [willfully] failed to comply with it," *see id.* at 511-12 (stating essential elements of punitive contempt (internal quotation marks omitted)); *see also* ORS 33.015(2)(b) (defining contempt of court, in part, as "willfully" disobeying a court order).

Regarding the defendant's second assignment of error, we agree with and accept the state's concession that, under our caselaw, it is plain error for a trial court to impose court-appointed attorney fees without first finding that defendant has the ability to pay them. *See, e.g.*, *State v. Baco*, 262 Or App 169, 170, 324 P3d 491, *rev den*, 355 Or 751 (2014) ("[I]t is plain error for the trial court not to comply with the requirement that it find that a defendant has the ability to pay fees before it imposes them."); *see also* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."). Accordingly, for reasons similar to those in *State v. Harris*, 293 Or App 110, 112, 426 P3d 252 (2018) (exercising discretion to correct trial court's plain error in imposing $642 in attorney fees without determining the defendant's ability to pay), we exercise our discretion to reverse the portion of the judgment requiring defendant to pay $400 in court-appointed attorney fees.

Portion of judgment imposing court-appointed attorney fees reversed; otherwise affirmed.