320 November 29, 2023 No. 622

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WINSTON DOUGLAS ALLEN,
*Defendant-Appellant.*

Linn County Circuit Court
20CR33701; A178430

Keith B. Stein, Judge.

Submitted October 27, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

In this criminal case, defendant appeals from a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010(5)(a). Defendant raises one assignment of error, arguing that the trial court plainly erred when it imposed a $255 "Intoxication Conviction Fee," without considering his ability to pay as required by ORS 161.645. We conclude that the trial court did not commit plain error; accordingly, we affirm.

Defendant argues that after the court stated that it was going to impose the $255 fee under ORS 813.020(1)(a), the state advised the court that defendant did not have the ability to pay. Defendant alleges that the court erred because it ignored the state and imposed the fee without considering defendant's ability to pay as required under ORS 161.645. The state responds that the prosecutor's comment does not show that the trial court did not consider defendant's ability to pay. The state argues that defendant did not establish plain error, because defendant did not cite authority that ORS 161.645 applies to the fee imposed by ORS 813.020(1)(a). Further, the state argues that, even if ORS 161.645 does apply, if defendant does not object at trial, the issue is foreclosed from plain error review.

The record shows that the trial court and prosecutor's comment about defendant's inability to pay was not directed to the $255 fee required by ORS 161.645 but to the $650 presumptive fine for refusal to take a test for intoxicants under ORS 813.095(2). Additionally, there were references during the hearing to defendant's lack of financial resources. Moreover, the court stated that it would have waived any felony fee, had there been one, supporting the inference that the trial court considered defendant's ability to pay.

An alleged error that is unpreserved is not susceptible to plain-error review if the error is not apparent on the record. *State v. Shepherd*, 302 Or App 118, 120, 459 P3d 957, *rev den*, 366 Or 552 (2020) (citing *State v. Wheeler*, 268 Or App 729, 732-33, 344 P3d 57 (2015); *State v. Smith*, 274 Or App 562, 568, 363 P3d 514 (2015), *rev den*, 358 Or 551

(2016); *State v. Manoff*, 295 Or App 566, 567, 435 P3d 803 (2019)). In order to review for plain error, the error of law must be "obvious, [and] not reasonably in dispute[.]" *Id.*

A defendant's ability to pay, "does not condition the court's authority to impose a fine[.]" *Manoff*, 295 Or App at 567 (quoting *Wheeler*, 268 Or App at 732). The obligation of the court is only to *consider* the defendant's financial resources and the defendant's ability to pay when imposing a fine at sentencing. *Id.* When, as here, the record indicates that there was a discussion regarding a defendant's financial circumstances, under plain error review, we conclude that an argument that the trial court failed to consider defendant's ability to pay when it imposed a fee does not establish plain error. *See State v. Brooks*, 285 Or App 54, 59, 396 P3d 302, *rev den*, 361 Or 803 (2017). Because defendant's financial resources and his ability to pay were considered by the trial court, we conclude that there was no error of law apparent on the record.

Affirmed.